# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE G. ALVAREZ-HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:19-cv-00243-SAB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TO FILE OPPOSITION TO PLAINTIFF'S OPENING BRIEF<br><br>(ECF No. 15) |

On October 3, 2019, pursuant to the stipulation of the parties, the Court extended the time for Plaintiff to file an opening brief in this matter until November 4, 2019, and set the deadline for Defendant to file a responsive brief for December 4, 2019. (ECF No. 13.) On November 4, 2019, Plaintiff filed her opening brief. (ECF No. 14.) After Defendant's deadline had passed for filing the responsive brief, on December 6, 2019, a stipulation was filed for an extension of time for Defendant to file a responsive brief. (ECF No. 15.) The parties request a sixty (60) day extension of time for Defendant to file a responsive brief due to Defendant's counsel need to take leave under a "use-or-lose" leave policy, and because counsel will be taking leave from December 9, 2019, until December 13, 2019, and between December 23, 2019, and January 3, 2020. (ECF No. 15.) However, Defendant does not explain why the stipulation was not filed until two days after the deadline for filing a responsive brief had passed.

Based upon a review of Defendant's stipulation for an extension of time, and in light of the fact that Defendant filed the request after the deadline without an explanation for the delay in

1

seeking an extension, Defendant's stipulation for an extension of time shall be denied without prejudice subject to renewal. The parties are advised that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause. Further, requests to modify the briefing schedule that are made on the eve of a deadline or after will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension. If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

Accordingly, IT IS HEREBY ORDERED that Defendant's stipulation for an extension of time to file an opposition to Plaintiff's opening brief is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: __**December 6, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE